Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
18221 N. 42nd Street
Phoenix, Arizona 85032
(602) 799-2346
E-Mail: guydknoller@gmail.com

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KYLE GELLEIN,<br><br>          Plaintiff,<br><br>   vs.<br><br>WAJID ALI KAHN dba WESTERN LODGE MOTEL,<br><br>          Defendant. | No.<br><br>**COMPLAINT**<br><br>***DEMAND FOR JURY TRIAL*** |

Plaintiff allege as follows:

### FIRST CLAIM FOR RELIEF
(Fair Labor Standards Act)

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant Wajid Ali Kahn dba Western Lodge Motel has its principal place of business in Phoenix, Arizona.

3. Defendant Wajid Ali Kahn is a resident of Maricopa County, and is personally liable as an "employer" within the meaning of 29 U.S.C. §203, as he:

   a. Acted directly for and on behalf of Defendant Western Lodge Motel;

   b. Had the power and exercised the power to hire and fire;

-1-

      c.      Supervised workers and controlled the conditions of employment;

      d.      Maintained employment records; and,

      e.      Is the owner of Defendant Western Lodge Motel.

4.      Jurisdiction is based upon 29 U.S.C. §216(b), of the Fair Labor Standards Act.

5.      Plaintiff worked for Defendant Western Lodge Motel within the last 3 years.

6.      Plaintiff was not paid overtime at the rate of one and one-half his hourly rate of pay (minimum wage) for all hours worked in excess of 40 each week.

7.      Plaintiff worked overtime (over 40 hours in one week) each week during his employment for which he was not paid at the rate of time and one-half- calculations (see Exhibit 1 attached hereto and incorporated by reference herein).

8.      Plaintiff was misclassified as exempt from the FLSA, but in fact were not exempt.

9.      Defendant's conduct was willful:

      a.      Defendants knew or should have known Plaintiff was misclassified and not exempt under the FLSA; and,

      b.      Defendant failed to make adequate inquiry into compliance with the FLSA.

10.      Plaintiff is entitled to overtime at the rate of time and one-half for all hours worked in excess of 40 for each week.

11.      Plaintiff is entitled to liquidated damages: double the amount due

pursuant to 29 U.S.C. §216(b).

12. Plaintiff is entitled to attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

14. Defendant also violated the record keeping requirements of the FLSA by failing to keep accurate records of hours worked.

15. Defendant never posted any notice advising employees of their right to overtime pay in violation of the FLSA.

WHEREFORE Plaintiff requests judgment against Defendants for:

1. Damages in an amount to be proven at trial with interest thereon;

2. Liquidated damages (double the amount due);

3. Reasonable attorneys fees and costs incurred herein which are mandatory; and,

4. Such other relief that this Court deems appropriate.

## SECOND CLAIM FOR RELIEF
(Arizona Minimum Wage Violation)

1. The preceding allegations of the Complaint are incorporated by reference herein.

2. During Plaintiff's employment he was not paid for all time worked.

3. For the time worked, but not paid, Plaintiff was entitled to minimum wages from the date of enactment of the Arizona Minimum Wage Statute until paid.

4. The Arizona Minimum Wage Statute provides for mandatory attorneys fees for Plaintiff.

5. For all hours worked over 40 in one week, Plaintiff was not paid at the minimum wage rate applicable at the time.

WHEREFORE Plaintiff requests judgment:

1. For damages for compensation of minimum wages for all hours worked but not paid;

2. For liquidated damages;

3. For mandatory attorneys' fees and costs incurred herein as provided for by A.R.S. §23-364G; and,

4. For such other relief as this Court deems appropriate.

DATED this 30th day of June 2018.

/s/ Guy D. Knoller
Guy D. Knoller
Attorney for Plaintiff