# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made and entered into this ___ day of March, 2019 (the "Effective Date") by Wajid Kahn and Rudra Investment II, LLC dba Western Lodge Motel (collectively the "Defendants") and Kyle Gellien, an individual (the "Plaintiff") (collectively the "Parties").

### RECITALS

WHEREAS, the Plaintiff alleges that he was employed by Defendants as an onsite handyman between June – September 2015 and was not fully compensated by Defendants.

WHEREAS, the Defendant vehemently deny that Plaintiff was employed by Defendants and further deny that Plaintiff is entitled to any wages (the "Dispute").

WHEREAS, the Plaintiff filed a lawsuit for back wages alleging violations of the FLSA and Arizona law in the U.S. District Court of Arizona. The Defendants filed a Counter-claim against Plaintiff, Case No. 2:18-cv-02072, (the "Litigation").

WHEREAS, the Parties reached a binding settlement during a settlement conference with Magistrate John Z. Boyle as to all claims and desire now to formalize the confidential settlement in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

### TERMS AND RELEASES

1. **Payment.** The Defendants will mail a check payable to the order of "Guy Knoller Trust Account" in the sum of Six Thousand Seven Hundred Fifty Dollars ($6,750.00) as the full and final settlement for any and all damages, fees and costs arising from the Litigation within five (5) business days of approval by the Court of the Agreement. The Plaintiff will be issued a 1099.

2. **Joint Motion for Approval of Agreement and Dismissal.** Within three (3) business days of the receipt of the payment identified in Paragraph 1, Defendants' counsel will draft and file a Joint Motion for Approval of Settlement Agreement and Dismissal.

3. **Mutual Release.** Subject only to the Defendants' timely payment of the $6,750.00 identified in Paragraph 1, the Parties, on his/their own behalf, release, discharge and acquit the opposing Party/ies, and to the fullest extent applicable, each of their respective members, managers, spouses, heirs, related and affiliated entities, property managers, employees, agents, as well as all of their insurers, attorneys, accountants, professional employer organizations, legal successors and assigns (all of whom are referred to throughout this Agreement collectively as the "Released Parties"), from any and all charges, complaints, claims, causes of action, debts, demands, sums of money, controversies, agreements, allegations, promises, damages and liabilities of any

kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected, anticipated or unanticipated.

4. **Confidentiality**.  The terms of this Agreement are confidential and intended to remain confidential.  Except as expressly permitted herein, the Parties agree not to disclose the terms of this Agreement to any person or entity not a party to this Agreement. The Parties shall maintain in strict confidence any and all information disclosed to them by each other and/or their counsel in the communications leading to this Agreement. However, nothing contained in this paragraph shall prohibit the Parties or their attorneys (i) from discussing the settlement agreement internally or (ii) disclosing either the existence or terms of this Agreement to a court of law in furtherance of the legal process or as otherwise required by law.  Notwithstanding the foregoing, the Parties agree that if asked about directly, the Parties may state that they entered into a confidential agreement and that all disputes have been resolved.

5. **Non-disparagement.** At no time following the execution of this Agreement shall the Plaintiff (i) make any statements, or take any other actions whatsoever, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of the Defendants or any of his/its affiliates or (ii) commit any other action that could likely injure, hinder or interfere with the Defendants, the Defendants' business relationships or its/his affiliates.

6. **No Admission of Liability.**  Each Party understands and acknowledges that this Agreement constitutes a compromise and settlement of any and all actual or potential disputed claims between them.  No action taken by any Party hereto, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claims or (b) an acknowledgment or admission by any Party of any fault or liability whatsoever to the any Released Party (including each of the Parties) or to any third party.

7. **Governing Law, Exclusive: Jurisdiction and Venue.**  This Agreement shall be governed by the laws of the State of Arizona, without regard for choice-of-law provisions.  Each Party consents to personal, subject matter and all other jurisdictional requirements and venue exclusively within the State of Arizona.

8. **Counterparts, Electronic Signatures and Effective Date.**  This Agreement may be separately executed or electronically signed in separate counterparts and then exchanged by email/PDF, facsimile or delivery to the other Party or other Party(ies)' legal counsel.  The sets of exchanged counterparts shall each have the same force and effect as a fully-signed original counterpart and shall constitute an effective, binding agreement on the part of each of the Parties once the exchanged signed counterparts have each been so received by the respective legal counsel for the Parties.

DATED this _22_ day of March, 2019.

| | |
|---|---|
| **GELLIEN** | **WAJID KHAN** |
| _Kyle Gellein_____ | _____ |

**RUDRA INVESTMENT II, LLC**

_____
By:_____
Its: _____