**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle Gellien, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Wajid Ali Kahn, d/b/a Western Lodge Motel; ) | |
| Rudra Investment II, LLC, ) | No. 2:18-cv-2072-HRH |
| ) | |
| Defendants. ) | |
| _____ ) | |

O R D E R

Motion to Approve Settlement Agreement[1]

Plaintiff and defendants jointly move for approval of a settlement agreement and dismissal of this case with prejudice. Plaintiff's complaint alleges claims under the Fair Labor Standards Act. 29 U.S.C. § 201, et seq. and the Arizona Minimum Wage Statute. Plaintiff asserted claims for unpaid minimum wages, overtime pay, and liquidated damages. Defendants' answer contended that plaintiff's claims were barred by the applicable statute of limitations, that plaintiff was an independent contractor, and that plaintiff did not work more than 40 hours per week.

There is a bona fide dispute between the parties, all of whom were represented in this case by experienced counsel. No federal agency was involved in this case. The parties have reached a settlement in the course of a court-supervised mediation conducted

---

[1]Docket No. 44.

by Magistrate Judge Boyle. The settlement agreement, which has been reduced to writing,[2] makes provision for payment of the settlement amount agreed to "within five (5) business days of approval by the Court of the Agreement."[3] In light of this provision, and although a joint motion for approval of the settlement agreement has already been filed, the court supposes that the agreed-upon settlement amount has not been paid yet. In this same regard, the court has not been provided with a signed copy of the settlement. Thus it appears to the court that dismissal of plaintiff's complaint would be premature. However, the matter of the approval of the settlement is properly before the court.

Based upon Martin v. Spring Break '83 Productions LLC, 688 F.3d 247 (5th Cir. 2012), the parties suggest that court approval of their settlement agreement is not necessary because the agreement is a fair and reasonable resolution of a bona fide dispute. In their joint motion, the parties discuss other authorities regarding the question of when judicial approval is necessary to effect the closure of a Fair Labor Standards Act ("FLSA") case. The authorities are conflicting, as discussed by the Second Circuit Court of Appeals in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Because the parties have provided the court with the information necessary to evaluate the parties' settlement agreement, there is no need to undertake any evaluation of the conflicting circuit decisions as regard the necessity of court approval of a settlement.

The court concludes that the parties' agreement is indeed a fair and reasonable resolution of a bona fide dispute, which settlement has been accomplished with the assistance of attorneys on both sides and with the assistance of a United States magistrate judge.

---

[2]Docket No. 44-1.

[3]Confidential Settlement Agreement and Release, Docket No. 44-1 at 2 of 4.

Because the court concludes that the parties' settlement agreement was a fair and equitable resolution of a bona fide dispute, judicial approval of the settlement agreement is granted. Upon receipt of plaintiff's acknowledgment that the settlement agreement has been signed by all parties and that the agreed settlement amount has been paid, the court will dismiss plaintiff's complaint with prejudice, the parties to bear their respective costs and attorney fees.

DATED at Anchorage, Alaska, this <u>26th</u> day of March, 2019.

<u>/s/ H. Russel Holland</u>
United States District Judge